**Opinion issued December 14, 2023.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00198-CV

————————————

**KRJJ ENTERPRISES, D/B/A KRJJ ENTERPRISES (GULF COAST) LP, Appellant**

**V.**

**JOHANNA C. WILLIS, JERMAINE WILLIS, JR. , JERMIAH WILLIS BY NEXT FRIEND JOHANNA WILLIS, JERMIA WILLIS BY NEXT FRIEND JOHANNA WILLIS, Appellees**

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-65704**

---

## MEMORANDUM OPINION

This is an interlocutory appeal[1] from a district court order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA) brought by defendant/appellant KRJJ Enterprises, d/b/a/ KRJJ Enterprises (Gulf Coast) LP. KRJJ contends that the trial court erred by denying its motion because the defamation claim asserted by appellee Johanna Willis and her family against it was in response to KRJJ's right of free speech, right to petition, or right of association. KRJJ further contends that the trial court erred by not dismissing the Willis family's claim for defamation because the Willis family failed to establish by clear and specific evidence a prima facie case for each essential element of the claim. We affirm.

## Background

### A.    Factual Allegations

The Willis family rented a residential property from KRJJ beginning in November 2020. The lease term ended on October 31, 2021. The parties dispute what happened at the end of the lease term. The Willis family states that KRJJ filed an eviction suit due to a delay in paying rent in September 2021. KRJJ states that the Willis family refused to vacate at the end of the lease term. The Willis family claims that they paid rent for October and November 2021. Eventually, KRJJ filed

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

a forcible detainer action in justice court in Harris County, and the court awarded KRJJ possession of the residence. The Willis family appealed to the county court, but the family vacated the property before a trial de novo occurred in the county court. KRJJ dismissed the eviction suit.

In May 2022, KRJJ sent the Willis family a demand for six months of unpaid rent, damages to the leased premises, and other fees. KRJJ alleges that the Willis family did not respond. KRJJ states that it then "utilized the assistance of an organization called Mrlandlord.com." According to KRJJ, the organization aids landlords, including placing tenant debts with collections agencies.

In October 2022, the Willis family sued KRJJ for unconscionable actions and defamation.[2] In its defamation claim, the Willis family alleged that KRJJ "caused information regarding the alleged unpaid balance . . . to be reported to one or more credit reporting agencies or companies" against the credit rating of Joanna Willis, causing her credit rating to decrease, harming her reputation, and impeding her efforts to obtain another residential lease.

KRJJ moved to dismiss under the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE § 27.001–.011. The Willis family responded to the dismissal motion. After a hearing, the trial court denied KRJJ's motion. KRJJ appealed.

---

[2] The unconscionable action claim is not part of this appeal.

On appeal, KRJJ argues that the trial court's denial of its motion to dismiss should be reversed because the Willis family's defamation claim against KRJJ falls within the scope of the TCPA and the Willis family failed to provide clear and specific evidence to establish a prima facie case of defamation. We disagree, and affirm.

## Overview of the TCPA

The TCPA provides special procedures allowing parties to obtain early dismissal of meritless claims that implicate the exercise of the rights of free speech, association, and petition. *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 910 (Tex. 2023). The Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002; *see also McLane*, 671 S.W.3d at 913. The statute provides this protection by authorizing a motion to dismiss early in the covered proceedings, subject to expedited interlocutory review. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.003, .008. Trial courts review TCPA motions to dismiss in a multi-step analysis. First, the moving party must show by a preponderance of the evidence that the TCPA applies to the legal action against it. *Id.* §§ 27.003, .005(b). If the

4

moving party satisfies that burden, the burden shifts to the nonmoving party to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmoving party cannot satisfy that burden, the trial court must dismiss the suit. *Id.*

We review de novo the denial of a TCPA motion to dismiss. *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *Better Bus. Bur. of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). In determining whether a legal action is subject to or should be dismissed under the TCPA, a court shall consider the pleadings, evidence the court could consider under the summary-judgment rule, and supporting and opposing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a); *cf. Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (stating, in connection with step one, that the plaintiff's petition is the best and all-sufficient evidence of the nature of the action). We review the pleadings and evidence in the light most favorable to the nonmovant. *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 470 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (en banc); *Schimmel v. McGregor*, 438 S.W.3d 847, 855–56 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Whether the TCPA applies is an issue of statutory interpretation that we also review de

novo. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

**A.      Rights of free speech and association**

We begin by considering KRJJ's contention that the Willis family's claim for defamation is based on or in response to KRJJ's exercise of the rights of free speech and association. The TCPA defines the "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3). "Communication," as used in the statute, "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The exercise of the right of association "means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." *Id.* § 27.001(2).

This case turns on whether the alleged communication by KRJJ to a credit agency is a matter of public concern. Both the right of free speech and the right of association, as defined in the TCPA, involve matters of public concern. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001(2), (3). As relevant to appellant's arguments in this appeal, a "[m]atter of public concern" includes "a statement . . . regarding a matter of political, social or other interest to the community; or a subject of concern to the public." *Id.* § 27.001(7)(B), (C). The TCPA's express purpose is

"safeguarding constitutional rights while simultaneously protecting plaintiffs' rights to file meritorious lawsuits for demonstrable injuries." *McLane*, 671 S.W.3d at 917; *see also Dall. Morning News, Inc.*, 579 S.W.3d at 376 (noting that the TCPA "is a bulwark against retaliatory lawsuits meant to intimidate or silence citizens on matters of public concern").

To be a matter of public concern, a communication must have public relevance beyond the interests of the parties. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019) (stating communications that are merely "related somehow to one of the broad categories" set out in the statute but that otherwise have no relevance to a public audience are not communications made in connection with a matter of public concern.); *see also McLane*, 671 S.W.3d at 916 (construing the TCPA to cover communications that hold some relevance to a public audience when they are made). The communication must refer to matters of "political, social, or other concern to the community" as opposed to purely private matters. *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017)). The communication must address "a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Id.* (quoting *San Diego v. Roe*, 543 U.S. 77, 83–84 (2004) (per curiam)).

With this in mind, we turn to the specific communication underlying the Willis family's suit and its connection to a matter of public concern when made. In

7

their petition, the Willis family alleged that KRJJ reported allegedly false information contained in a collection notice, including an alleged past due balance, to "one or more of the three credit reporting agencies, Equifax, Experian, Transunion, and/or to other credit reporting agencies." KRJJ asserts that communication by a creditor to third parties about the debtor's fidelity in paying bills implicates the rights of free speech and association and is a matter of public concern.

Under the TCPA, the moving party must show by a preponderance of the evidence that the TCPA applies to the legal action against it. *McLane*, 671 S.W.3d at 914. In considering the content, form, and context of whether speech is of public or private concern, no factor is dispositive, and it is necessary to evaluate all the circumstances of the speech, including what was said, where it was said, and how it was said. *Snyder v. Phelps*. 562 U.S. 443, 454 (2011). Although "[t]he TCPA casts a wide net," the statute's scope is not as expansive and far reaching as once thought. *Panton Inc. v. Bees360, Inc.*, No. 01-20-00267-CV, 2021 WL 3868773, at *7 (Tex. App.—Houston [1st Dist.] Aug. 31, 2021, no pet.) (mem. op.) (citing *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018)). As the Texas Supreme Court explained in *Creative Oil & Gas*, "not every communication related somehow to one of the broad categories set out in section 27.001(7) always regards a matter of public concern." 591 S.W.3d at 137. In

*Creative Oil & Gas*, the Supreme Court interpreted a prior, broader definition of "matter of public concern," and held that communications involving a contract dispute about a purely private matter impacting the pecuniary interests of the parties were not matters of public concern under the TCPA. *Id.* More recently, the Supreme Court reiterated the importance of the public concern limitation on TCPA applicability, stating that without this limitation, the TCPA would apply to any communication as part of any private business deal involving industries that impact economic or community well-being. *McLane*, 671 S.W.3d at 917 (holding statements made during contract negotiations were not matters of public concern under the TCPA).

We hold that KRJJ did not meet its burden to establish that its communication was a matter of public concern that falls under the TCPA. KRJJ asserts that its communication was a matter of public concern because as a business, it has a right to inform other businesses about potential customers. KRJJ relies on *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180 (Tex. App.— El Paso 2017, no pet.). The case began as a collections suit. *Id.* at 186. The creditor, MVS, sued several debtors for nonpayment of debt, as evidenced by unpaid invoices. *Id.* The debtors filed a counterclaim asserting that several cross-defendants conspired to falsify the invoices and then communicated the fact of their subsequent non-payment to third parties. *Id.* at 187–88. They also asserted a

9

claim for defamation. *Id*. MVS moved to dismiss under the TCPA. *Id.* In deciding whether the TCPA applied to the conspiracy claim, the El Paso Court held that warning other media outlets about potential customers who allegedly do not pay their accounts was an exercise of free speech under the TCPA. *Id.* at 193. The court held that by allegedly informing other media outlets that the appellees do not pay their accounts, MVS "made a communication in connection with a service in the relevant marketplace." *Id.* at 195 (internal quotations removed).

A closer reading of *MVS* shows that it is of limited applicability to the facts at hand. First, though KRJJ relies on *MVS* to hold that communications to collection agencies are matters of public concern covered by the TCPA, the court did not rule on this specific issue because the amended counterclaim did not include that factual allegation.[3] *MVS,* 545 S.W.3d at 187. Moreover, the case was decided under a prior version of the TCPA which had a more expansive definition of "matter of public concern."[4] Whether comments to media outlets were covered

---

[3]      The appellees amended their counterclaim and omitted earlier factual allegations, such as the contention that the counter-defendants had reported the bad debt to the credit bureaus. *MVS Int'l Corp. Int'l Advert. Sols.*, 545 S.W.3d 180, 187 (Tex. App.—El Paso 2017, no pet.).

[4]      The definition of "public concern" changed in the amended version. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(2), (7). The 2019 amendment defines "matter of public concern" as "a statement or activity regarding: (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity; (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, sec. 27.001(7), 2019 Tex. Sess.

by the TCPA under the pre-2019 version of the statute does not determine whether the alleged communication by KRJJ falls under the current version of the TCPA.

Second, we note that the actual communication does not appear in our record. The Willis family pleading states that KRJJ caused information regarding an "alleged unpaid balance . . . to be reported to one or more credit reporting agencies or companies." In its motion to dismiss, KRJJ states that it "utilized the assistance of an organization called Mrlandlord.com." According to KRJJ, the organization aids landlords, including placing tenant debts with collections agencies. Without being able to review the communication, we are unable to determine whether the communication did in fact relate to a matter of public concern, or whether, instead merely related to KRJJ's concern for its own pecuniary interest regarding debt owed by the Willis family. *See Gaskamp*, 596 S.W.3d at 477–78 (record did not contain sufficient information from which court could determine whether plaintiff's lawsuit involved protected communications); *see also Clinical Pathology Labs., Inc. v. Polo*, 632 S.W.3d 35, 49–50 (Tex. App.—El Paso 2020, pet. denied) (holding plaintiff did not meet burden because the relevant communication was not in the record and the court could not

Law Serv. 684, 685. Previously, a "matter of public concern" was defined as "an issue related to health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace."

determine if communication regarding phlebotomist's absence was a public health concern or a private employment dispute). We cannot say that a landlord reporting an alleged debt to a credit agency is "a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Brady*, 515 S.W.3d at 884 (internal quotation and citation removed). We must look to the content of the communications themselves, and not focus solely on the occupation of the speaker or the related industry. *See Staff Care, Inc. v. Eskridge Enterprises, LLC*, No. 05-18-00732-CV, 2019 WL 2121116, at *4–5 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op.) (stating that communications by a healthcare professional in business dispute are not automatically matters of public concern).

As the movant, KRJJ had the burden to demonstrate the applicability of the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). On the record before us, viewing the facts in the light most favorable to the nonmovant, we cannot say that KRJJ's communication to collection agencies involves a matter of public concern. Multiple private concerns do not accrete to form a public concern. KRJJ failed to carry its burden to establish by a preponderance of the evidence that the statement had public relevance beyond the parties involved.

## B. Right to petition

KRJJ also contends that the Willis family's claim for defamation is "based on" or "in response to" the exercise of KRJJ's right to petition. *See* TEX. CIV.

12

PRAC. & REM. CODE § 27.003(a). The TCPA defines "exercise of the right to petition" to include "a communication in or pertaining to: (i) a judicial proceeding; [or] (ii) an official proceeding, other than a judicial proceeding, to administer the law." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i), (ii).

KRJJ contends that after the Willis family vacated the property and after KRJJ sent a demand for unpaid rent and damages without response, it communicated with an organization that helps landlords collect debt. The Willis family alleges that it was defamed by KRJJ communicating an inaccurate amount of information to collection agencies. KRJJ has not met its burden to prove that the communication was "based on" or "in response to" its right of petition. TEX. CIV. PRAC. & REM. CODE § 27.003(a). The record reflects that in January 2022 KRJJ filed suit for possession of the residence that had been leased to the Willis family. KRJJ was awarded possession by the justice court in February 2022. Though the Willis family appealed to the county court at law, the family vacated before the case was called to trial, and KRJJ nonsuited the case. In May 2022, KRJJ sent a demand for unpaid rent and repairs. According to KRJJ, rather than dispute the debt with the collection agency, the Willis family sued KRJJ. KRJJ has not established the nexus between the communication to a landlord organization or collection agency and its exercise of the right to petition. KRJJ has not met its

13

burden to establish that the TCPA applies to the defamation claim as an exercise of the right to petition.

## Conclusion

Having determined that the TCPA does not apply to the Willis family's defamation claim, we need not reach KRJJ's second issue on appeal regarding whether the Willis family established a prima facie case for defamation. The trial court did not err in dismissing KRJJ's TCPA motion to dismiss. We affirm.



Justice Peter Kelly

Panel consists of Justices Kelly, Landau, and Farris.